UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LILLIANA SANTANA,

    Plaintiff,

v.                                                      Case No.: 8:24-cv-400-TPB-AAS

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER GRANTING "DEFENDANT'S MOTION
TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT"**

    This matter is before the Court on "Defendant's Motion to Dismiss Count II of Plaintiff's Complaint," filed on February 20, 2024. (Doc. 5). Plaintiff Lilliana Santana filed a partial response in opposition on March 5, 2024. (Doc. 10). After reviewing the motion, response, court file, and the record, the Court finds as follows:

    This is a case involving uninsured motorist benefits. Plaintiff alleges she was injured on March 3, 2022, as a result of an automobile accident with an uninsured motorist on US 301 while approaching SR-574 in Hillsborough County, Florida. On March 21, 2023, Plaintiff filed a two-count complaint against Defendant Allstate Fire and Casualty Insurance Company in the Circuit Court of the Thirteenth

Judicial Circuit in and for Hillsborough County, Florida.[1]  The case was removed to this Court on February 12, 2024.

Defendant seeks dismissal of Plaintiff's bad faith claim in Count II because the claim is premature.  Under Florida law, a bad faith claim is premature until liability and damages have been determined in favor of the insured.  *See, e.g.*, *Holmes v. GEICO Indemnity Company*, No. 3:12-cv-271-J-99JBT, 2012 WL 12902911, at *3 (M.D. Fla. Nov. 5, 2012) ("Indeed, an abundance of Florida case law holds that a bad faith claim does not accrue until there has been a final determination of both liability and damages in an underlying coverage claim.") (internal quotations omitted).  In response, Plaintiff agrees that the claim is premature, but asks the Court to abate the claim rather than dismiss it.

A district court has discretion to either dismiss or abate a bad faith claim when simultaneously pled with a coverage action.  *See Shvartsman v. GEICO Gen. Ins. Co.*, No. 6:17-cv-437-Orl-28KRS, 2017 WL 2734083, at *1 (M.D. Fla. June 23, 2017).  Here, the Court exercises its discretion to dismiss the bad faith claim in Count II without prejudice.  *See Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1295 (M.D. Fla. 2015).  Plaintiff is not precluded from reasserting the claim following determination of the coverage and liability issues, or filing the bad faith claim as a separate proceeding after this case is concluded.

---

[1] Plaintiff alleges that she was a passenger in a vehicle insured under a policy issued by Defendant.  In Count I, Plaintiff asserts an uninsured motorist claim.  In Count II, Plaintiff asserts a first party bad faith claim.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion to Dismiss Count II of Plaintiff's Complaint" (Doc. 5) is hereby **GRANTED**.

(2) Count II of the complaint is **DISMISSED WITHOUT PREJUDICE** to any right Plaintiff may have to reassert the claim following determination of the coverage and liability issues, or to file the bad faith claim as a separate proceeding after this case is concluded.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>8th</u> day of April, 2024.

*/s/ Tom Barber*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**